IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID BARELA DURAN,**

      **Petitioner,**

  vs.                                        **NO. 08-CV-34 MCA/WDS**

**MICHAEL MARTIN, Warden, and
GARY K. KING, Attorney General of
the State of New Mexico,**

      **Respondents**.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by David Barela Duran. Duran is acting *pro se*. Respondents have filed a Response in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The Court makes the following findings and recommended disposition.

### CLAIM

Duran seeks relief on a single ground: that his sentences in two state court convictions, Causes No. D-307-CR-200500951[2] and No. D-307-CR-200501088, were illegally enhanced based

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] The Court notes that the Petition before it apparently only relates to Petitioner's sentence in D-307-CR-200501088, although Petitioner's sentence was similarly enhanced in D-307-CR-200500951 and both cases were the subject of Petitioner's state habeas petition and of his petitions for writs of certiorari with the New Mexico Supreme Court. Because Petitioner's argument logically relates to both state court sentences and because Respondent has

on a prior felony conviction that was over ten (10) years old.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 24 2006 and February 7, 2006, in Causes No. D-307-CR-200500951 and No. D-307-CR-200501088, respectively, Petitioner was convicted of Trafficking (by Distribution) pursuant to plea agreements in Dona Ana County District Court ("State court"). In each case, Petitioner was found to be an habitual offender with one prior felony conviction, and pursuant to N.M. Stat. Ann. § 31-18-17 (1978), both of his nine-year-sentence terms were enhanced by one (1) year each. According to the State court's Judgement and Order Partially Suspending Sentence in each case, the predicate felony conviction on which the enhancements were premised was for Residential Burglary, Cause No. CR-90-437, also in Dona Ana County District Court. However, in the Repeat Offender Plea and Disposition Agreements in these trafficking cases, Petitioner admitted his identity for two additional prior felony convictions, including Commercial Burglary in Cause No. CR 90-0428 and Escape from Custody of Peace Officer in Cause No. CR 98-120.

Petitioner did not take a direct appeal of the 2006 trafficking convictions or the sentences imposed, but instead sought relief by means of a post-conviction motion for modification of sentences as well as a state petition for habeas corpus. In his motion for modification, filed on May 11, 2006, Petitioner sought to have the sentences in the two trafficking cases modified to run concurrently rather than consecutively. After a hearing, his motion was denied on August 14, 2006. In his state habeas petition, filed on August 6, 2007, Petitioner alleged that the enhancement of his sentences in the 2006 trafficking cases was unlawful because the convictions were for drug-related offenses. Judge Bridgforth of the State court denied Duran's petition in Cause No. D-307-CR-200501088 on August 9, 2007, reasoning that because the Habitual Offender Act had been amended to include persons convicted of

---

addressed both sentences, the Court so construes the Petition.

narcotics offenses, the defendant's sentence was authorized by law. Additionally, Judge Driggers of the same court denied Duran's petition in Cause No. D-307-CR-200500951 on September 28, 2007, reasoning that less than ten years had passed prior to the Petitioner's conviction since he completed serving his period of probation in CR 90-437 and that the conviction for Residential Burglary was a valid prior felony conviction under the Habitual Offender Act.

Thereafter, Duran filed petitions for writs of certiorari with the New Mexico Supreme Court on August 21, 2007 and October 30, 2007. In these certiorari petitions, Petitioner argued that the felony used to enhance his 2006 trafficking sentences did not satisfy the Habitual Offender Act's ten-year limitation. Both petitions were denied, without discussion, by the New Mexico Supreme Court. The instant Petition, filed January 3, 2008, followed.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), if a claim has been adjudicated on the merits in State court, this Court can grant habeas relief only if the State court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Determinations of factual issues are presumed to be correct unless the applicant rebuts the presumption of correctness by clear and convincing evidence. § 2254(3)(1).

## ANALYSIS

As a preliminary matter, the Court notes that the question presented in Petitioner's state habeas petition (i.e. whether the enhancement of his sentences was improper because the convictions were for drug-related offenses) is somewhat different from the question presented to this Court and the one presented to the New Mexico Supreme Court (i.e. whether the enhancement of his sentences

was improper because the underlying felony conviction was more than ten years old). Thus, it is unclear to the Court that the Petitioner has indeed "exhausted the single claim by raising [it] in New Mexico state courts in a state habeas corpus proceeding" as Respondent concedes. Nevertheless, the Court construes Petitioner's claims broadly – as challenges to the legality of his trafficking sentences under the Habitual Offender Act – in order to reach the merits of his Petition.

Even construing Petitioner's claims broadly, however, Petitioner has not articulated any Federal law that has been violated by the enhancement of his sentences pursuant to the Habitual Offender Act. Rather, he merely alleges the violation of a New Mexico statute. And a claim that New Mexico courts have misinterpreted New Mexico law is not grounds for habeas relief. *See Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003); *Scrivener v. Tansy*, 68 F.3d 1234, 1238 (10th Cir. 1995), *cert. denied*, 516 U.S. 1178 (1996).

Nor has Petitioner alleged that the State court based its decision on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Indeed, on the Court's review, it concludes that Petitioner's claim was correctly adjudicated on the merits by both the state district court and the New Mexico Supreme Court.

As Judge Driggers of the state district court noted, the Habitual Offender Act has been amended to include persons convicted of narcotics offenses, such as Petitioner. *See Minner v. Kerby*, 30 F.3d 1311, 1317 (10th Cir. 1994). Additionally, Judge Bridgforth found that the Petitioner's probation in the prior felony case, CR 90-437, would have ended on December 4, 1995 but that the State filed a petition to revoke Petitioner's probation and that Petitioner absconded on or about July 16, 1994. Thereafter, the State dismissed its petition to revoke and the court entered an unsatisfactory discharge from probation on February 24, 1998, effectively ending Petitioner's probation on that date. Thus, less than ten years passed from the time Petitioner completed serving

his period of probation, February 24, 1998, until his convictions in the 2006 trafficking cases, on March 24, 2006 and February 7, 2006.  Petitioner has simply failed to overcome the presumption of correctness of the State court findings by clear and convincing evidence to the contrary.

## RECOMMENDED DISPOSITION

The Court recommends that David Barela Duran's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed January 3, 2008, be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**